(No. 3855—

HARRY J. FLANDERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

JOHN W. FRIBLEY, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, J.

Claimant asks for an award in the sum of $1,350.00, being his salary as a Judge of the City Court of the City of Eldorado, Illinois, for the months of July, August, September, October, November and December of 1941 and January, February and March of 1942, at $150.00 per month.

The material facts in this case, as alleged in the complaint, are admitted by stipulation.

The record consists of the Complaint, Answer, Stipulation, and Statement, Brief and Argument by claimant and respondent.

Claimant is a duly elected Judge of the City Court of the City of Eldorado, Illinois, having been elected to that office in 1933 for a term of six years, and re-elected on October 3, 1939, for a term of six years, and is now, and has been since his first election the duly elected, qualified and acting Judge of the said City Court of the City of Eldorado, Illinois.

The compensation or salary of a Judge of a duly established City Court is fixed by Section 23 of "An Act In Relation to Courts of Record in Cities," as amended, and fixes the salaries of Judges of City Courts having a population of at least 5,000 and not less than 8,000 at the sum of $1,800.00 per annum, payable from the Treasury of the State of Illinois. In cities having less than 5,000 inhabitants and not less than 3,000 inhabitants, the compensation or salary is fixed at $800.00, payable out of the City Treasury.

The 62nd General Assembly of the State of Illinois made an appropriation for the payment of salaries of Judges of City Courts of the State of Illinois during the biennium period from July 1, 1941, to June 30, 1943, and authorized and directed the Auditor of Public Accounts to draw warrants on the State Treasurer for amounts due Judges of City Courts as salaries for their respective offices.

The question that presents itself for determination here is—

Was the State Auditor justified in using the latest available census to reclassify and determine the class in the graduated scale into which each City Judge fell after such Judge had been elected, or was he required to use a census before each Judge was elected?

Section 23 of "An Act In Relation to Courts of Record in Cities" (Ch. 37 Illinois Revised Statutes), provides that in cities having a population of over 5,000 inhabitants and not less than 8,000 the salary shall be $1,800.00 per year, and in cities having a population in excess of 8,000 and not exceeding 15,000 the sum of $2,250.00 per year, and in cities having a population of more than 15,000 a graduated scale of compensation based upon the population of the city. It is the application of this section that must be determined here. It seems to have been the practice of the Auditor of Public Accounts to reclassify Judges of City Courts according to the latest available census. Respondent contends that the Auditor of Public Accounts is required to do this in order to comply with said Section 23.

Claimant contends that the salary, or rate of compensation for a Judge of a City Court, is determined at the time of his election and is not subject, during his term of office, to revision according to population changes. This Section (23), makes no reference to the

taking of a census, but merely provides the salary of a Judge having been elected to office and bases the salary on the population of such city. However, Section 21 of the same Act, provides for the establishment of City Courts in cities having at least 3,000 inhabitants whenever the City or Common Council shall adopt an ordinance and such ordinance be subsequently approved by the voters of such city. It further provides, that such Court may be established consisting of one or more Judges, not exceeding five, and not exceeding one for each 50,000 inhabitants. It further provides that ''the number of inhabitants shall be determined by reference to the Federal census, or a census taken by the city authorities.''

The exact question presented here for determination does not appear to have been passed upon by the Courts of this State.

·The respondent presents a forceful and exhaustive brief and argument, contending that said Section 23 requires the Auditor of Public Accounts to adjust the salaries of Judges of City Courts in accordance with the last available census, and reasons that under Section 21 the Auditor could use the Federal census to the exclusion of any other census in determining the population of a city and the resulting salary of a Judge of the City Court. In the present case it is admitted that a Federal census was taken in 1930, prior to the election of claimant herein, and again in 1940, both of which showed the population of Eldorado City to be less than 5,000, and that a census was taken by the City authorities in 1933, and again in 1942, both of which showed the population to be in excess of 5,000 inhabitants. As the Statute referred to related to a ''Federal census, or a census taken by the City authorities,'' it could be as logically reasoned

that the Auditor of Public Accounts could take the census taken by City authorities to the exclusion of a Federal census. During all the time that claimant held the office of Judge of the City Court of Eldorado City the population was in excess of 5,000, as disclosed by a census taken by the City authorities; a census was taken in 1933, and again in 1942, both of which showed the population to be in excess of 5,000.

A Federal census was taken in 1930, and again in 1940, showing the population to be less than 5,000 inhabitants. It does not appear reasonable to us that the Legislature ever intended that the State Auditor of Public Accounts should have the discretion of determining what the salary or compensation of a Judge of a City Court should be. In a borderline case, a census taken by the Federal authorities and a census taken by the City authorities could, very reasonably, vary to the extent that by using one or the other it would increase or decrease the salary of a Judge who had been elected prior to the taking of such census. To protect himself, the Auditor, it appears, has used the latest census in determining salaries to be paid. This practice can, and has in this case, resulted in confusion. In this particular case, at the time claimant was elected there was in existence the result of a Federal census showing a population of less than 5,000, and a later census taken by the City authorities showing a population in excess of 5,000 inhabitants. His salary at the time of his election was, thereupon, properly fixed at $150.00 per month, the salary for such office in cities having a population in excess of 5,000 and less than 8,000. Shortly after his reelection, a Federal census was taken, showing the population to be 4,987, and the payment of his salary was, thereupon, discontinued by the State Auditor. Less than

two years thereafter, a census was taken by the City authorities, showing the population to be 5,190, and his salary was, thereupon, re-established, and the Auditor of Public Accounts thereafter issued warrants in the regular manner.

We think this confusion would be eliminated by construing the said Sections 21 and 23 of the Statute as: Section 21 providing for the establishment of City Courts and election of such number of Judges as authorized by this section in accordance with the population as disclosed by the latest census that has been taken. Upon such election, the salary of the Judge or Judges is, thereupon, established in accordance with Section 23 of the Statute, and such salary should be continued during the term for which such Judge or Judges had been elected. This construction is supported by Section 21, which provides that a City can discontinue and disestablish such Court in the same manner by which it is established, but such Court once having been established a discontinuance or disestablishment shall not take effect until at the expiration of the term of office of the Judge of said Court. If it was intended that the compensation or salary of a Judge would fluctuate according to the population disclosed by a census taken from time to time during the term of office of a Judge, then the provisions against discontinuing the Court, effective during the term of a Judge elected thereto, would be meaningless, as a decrease in population would eliminate the salary of the incumbent Judge, and the office, to all intents and purposes, would thereby be eliminated. It surely was not the intention when a provision was made limiting the effective date of discontinuing a Court, that the salary should be eliminated and the Judge continue to serve without compensation. It does not seem reasonable to

believe that the Legislature ever intended to, or would, specifically prohibit the discontinuance of a Court during the term of a Judge elected thereto and, at the same time, direct the payment of the salary of such Judge to be discontinued during his term of office. It would rather seem to have been the purpose that a Court be created in accordance with said Section 21, and, upon such creation, a salary be paid to the Judge or Judges in accordance with the provisions of Section 23 of the Statute, and thereafter continue during the term of office for which such Judge or Judges have been elected.

The City Court of Eldorado City having been duly established in accordance with the provisions of Section 21 of the Statute above referred to, and the salary fixed in accordance with Section 23 at the time of his election, it is our opinion that he was entitled to receive this salary during his term of office. He is, therefore, entitled to payment of his salary which has been withheld.

An award is therefore entered in favor of claimant, Harry J. Flanders, in the sum of Thirteen Hundred Fifty Dollars ($1,350.00).